## ORDER PROMULGATING AMENDMENTS TO RULES FOR ADMISSION TO THE BAR.

### No. ADM10–8008.

Supreme Court of Minnesota.

June 27, 2011.

### ORDER

A petition was filed on April 29, 2009, seeking an amendment to Rule 4(A)(3) of the Rules for Admission to the Bar of the State of Minnesota to permit an attorney licensed in another state to sit for the Minnesota Bar Examination, regardless of the attorney's legal education. By order filed on August 10, 2009, the court ordered the Board of Law Examiners to study the issues raised by the petition and to report to the court by June 1, 2010, concerning any proposed amendment to the rules. The Board filed its report with the court on June 2, 2010; the petitioners filed a response to the Board's report on August 2, 2010.

In an order filed on August 5, 2010, the court indicated that it would consider a rule amendment that would allow "a licensed attorney who has successfully practiced law in another United States jurisdiction for a substantial number of years" to sit for the Minnesota Bar Examination and, if successful and otherwise qualified, to be admitted to the Minnesota bar. The Board filed its proposed amendment on September 30, 2010. After a period of public comment, the court held a hearing on January 26, 2011, on the proposed amendment.

Separately, on September 15, 2010, the Board filed a petition for other amendments to the Rules for Admission to the Bar of a housekeeping nature.

The court being fully advised in the premises,

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. The attached amendments to the Rules for Admission to the Bar be, and the same are, prescribed and promulgated to be effective on September 1, 2011.

2. These amendments shall apply to all applications for bar examinations to be administered in February 2012 and thereafter. These amendments shall also apply to all applications for admission without examination under Rule 7 and for house counsel licenses under Rules 9 and 10 filed on or after September 1, 2011.

3. The Rules for Admission to the Bar, as amended effective September 1, 2011, shall be posted on the website of the Board of Law Examiners.

BY THE COURT:

/s/Lorie S. Gildea
Chief Justice

### TABLE OF CONTENTS

1.  Purpose ................................................................. 905

2.  Definitions and Due Date Provisions ..................................... 905
    A.    Definitions ....................................................... 905
    B.    Due Date Provisions ............................................... 906

3.  State Board of Law Examiners ........................................... 906
    A.    Composition ....................................................... 906
    B.    Authority ......................................................... 906
    C.    Board Meetings and Quorum ......................................... 906

4.   General Requirements for Admission ........................................906
     A.   Eligibility for Admission ...........................................906
     B.   Residency.........................................................907
     C.   Application for Admission ..........................................907
          (1) Fee ..........................................................907
          (2) Notarized Authorization ........................................907
          (3) Photo ........................................................907
          (4) Affidavits of Good Character ....................................907
          (5) ~~Subject Matter ot Affidavits~~ .................................907
     D.   Evidence of Graduation (Conferral of Degree) .........................907
     E.   Additional Filing When Admitted Elsewhere ...........................907
     F.   Applicants Without MPRE Score .....................................908
     G.   ~~Repeat Examinee~~ Additional Information Required.....................908
     H.   ~~Incomplete Application~~ Continuing Obligation to Update Application........908
     I.   ~~Withdrawal of Application~~ Required Cooperation.......................908
     J.   ~~Required Cooperation~~ Repeat Examinee ..............................908
     K.   Incomplete Application ............................................909
     L.   Withdrawal of Application...........................................909

5.   Standards for Admission ..................................................909
     A.   Essential Eligibility Requirements ...................................909
     B.   Character and Fitness Standards and Investigation......................909
          (1) Purpose ......................................................909
          (2) Burden of Proof ...............................................909
          (3) Relevant Conduct..............................................909
          (4) Considerations ................................................910
          (5) Rehabilitation .................................................910
          (6) Continuing Obligation ..........................................910
          (7) Determination.................................................911
          (8) Advisory Opinions .............................................911

6.   Admission by Examination ................................................911
     A.   Dates of Examinations .............................................911
     B.   Timely Filing Deadlines.............................................911
     C.   Late Filing Deadlines ..............................................911
     D.   Denial of Opportunity to Test.......................................911
     E.   Scope of Examination..............................................911
     F.   Testing Accommodations ...........................................911
     G.   Computer Use .....................................................911
     ~~G.~~ H.   Examination Results ..........................................911
     ~~H.~~ I.   Failing Examination Scores ....................................911
     ~~I.~~ J.   Stale Examination Scores ......................................911

7.   Admission Without Examination ...........................................911
     A.   Eligibility by Practice .............................................911
     B.   Eligibility for Admission by Test Score ...............................912
     C.   Transfer of MBE Score .............................................912
     D.   MBE Score Advisory ...............................................912
     E.   No Waiver of Time Requirements .....................................912
     F.   Eligibility After Unsuccessful Examination ............................912

8.   Admission by Temporary License for Legal Services Programs ...................912
     A.   Eligibility ........................................................912
     B.   Filing ...........................................................912
     C.   Certification of Applicant's Good Character and Fitness ...................912
     D.   Limitation ........................................................912
     E.   Duration and Revocation ...........................................912
     F.   Credit for Admission Without Examination .............................912

9.  Admission by Temporary House Counsel License ............................912
    A.      Practice by House Counsel ........................................912
    B.      Eligibility ......................................................912
    C.      Requirements .....................................................913
    D.   .   Limitation .......................................................913
    E.      Issuance of Temporary House Counsel License ......................913
    F.      Duration and Expiration of Temporary License .....................913
    G.      House Counsel License Without Time Limitation ....................913
    H.      Notice of Termination of Employment ..............................913
    I.      Credit for Admission Without Examination .........................913
    J.      Professional Conduct and Responsibility ..........................913

10. Admission by House Counsel License ......................................913
    A.      Practice by House Counsel ........................................913
    B.      Eligibility and Requirements .....................................913
    C.      Requirements .....................................................914
    C. D.   Limitation .......................................................914
    D. E.   Expiration of House Counsel License ..............................914
    E. F.   Notice of Termination of Employment ..............................914
    F. G.   Re–Issuance of House Counsel License .............................914
    G. H.   Credit for Admission Without Examination .........................914
    H. I.   Professional Conduct and Responsibility ..........................914

11. License for Foreign Legal Consultants ...................................914
    A.      Eligibility ......................................................914
    B.      Requirements .....................................................914
    C.      Applications .....................................................914
    D.      Investigation ....................................................914
    E.      Scope of Practice ................................................914
    F.      Disciplinary Provisions ..........................................914
    G.      Rights and Obligations ...........................................914
    H.      Re–Certification and Renewal Fees ................................914
    I.      Admission to the Bar .............................................914
    J.      Revocation and Expiration ........................................914

12. Fees .....................................................................914
    A.      General ..........................................................914
    B.      Fee for Examination, Not Previously Admitted .....................915
    C.      Fee for Examination, Prior Admission .............................915
    D.      Fee for Examination for Recently Admitted Applicants .............915
    E.      Repeat Examinations ..............................................915
    F.      Fee for Admission Without Examination ............................915
    G.      Fee for Temporary License for Legal Services Program Practice ....915
    H.      Transfer of Rule 8 Application to Rule 6 or Rule 7 Application ....915
    I.      Refunds of Fees ..................................................915
    J.      Carry–over of Fees ...............................................915
    K.      Copies of Examination Answers ....................................915
    L.      Fees for Advisory Opinions .......................................915
    M.      Fee for Reissuance of House Counsel License ......................915
    N.      Other Fees .......................................................915

13. Immunity .................................................................916
    A.      Immunity of the Board ............................................916
    B.      Immunity of Persons or Entities Providing Information to the Board .....916

14. Confidentiality and Release of Information ...............................916
    A.      Application File .................................................916
    B.      Work Product .....................................................916
    C.      Examination Data .................................................916

      (1) Statistics .........................................................916
      (2) MBE Score Advisory.............................................916
      (3) Transfer of MBE Score ........................................916
      (4) Release of Examination Scores and Essays to Unsuccessful
          Examinees.....................................................916
      (5) Release of Examination Scores to Law Schools ......................916
  D. Release of Information to Other Agencies ...............................916
  E. Referrals .........................................................916
  F. Confidentiality.....................................................916

15. Adverse Determinations and Hearings....................................916
  A. Adverse Determination ..............................................916
  B. Request for Hearing ................................................916
  C. Scheduling of Hearing ..............................................916
  D. Proceedings .......................................................916
  E. Pre–Hearing Conference .............................................916
  F. Subpoenas ........................................................916
  G. Continuances .....................................................916
  H. Final Decision .....................................................916

16. Conditional Admission .................................................916
  A. Conditional Admission ..............................................916
  B. Circumstances Warranting Conditional Admission .......................916
  C. Consent Agreement ................................................916
  D. Transmittal to the Office of Lawyers Professional Responsibility ...........916
  E. Length of Conditional Period ........................................916
  F. Consequences of Failure to Fulfill the Conditional Terms.................916
  G. Monitoring of Consent Agreement by Conditional Admission
     Committee .....................................................916
  H. Procedure After Finding Violation of Consent Agreement ................917
  I. Complaint for Violation of Consent Agreement; Disposition of
     Complaint......................................................917
  J. Appeal...........................................................917

17. Appeal to the Supreme Court...........................................917
  A. Petition for Review.................................................917
  B. Board Response ...................................................917

18. Reapplication........................................................917

19. Bar Admissions Advisory Council .......................................917
  A. Creation .........................................................917
  B. Meetings.........................................................917
  C. Expenses ........................................................917

\* \* \* \*

## RULE 2. DEFINITIONS AND DUE DATE PROVISIONS

**A. Definitions.** As used in these Rules:

(1) "Application file" means all information relative to an individual applicant to the bar collected by or submitted to the Board while the application is pending and during any conditional admission period.

(2) "Approved law school" means a law school provisionally or fully approved by the American Bar Association.

(3) "Board" means the Minnesota State Board of Law Examiners.

(4) "Court" means the Minnesota Supreme Court.

(5) "Director" means the staff director for the Board.

(6) *"Full-time faculty member" means a person whose professional responsibilities are consistent with the definition of "full-time faculty member" set forth in the Standards for Approval of Law Schools, published by the American Bar Association's Section of Legal Education and Admissions to the Bar.*

(6) (7) "Good character and fitness" means traits, including honesty, trustworthiness, diligence and reliability, that are relevant to and have a rational connection with the applicant's present fitness to practice law.

(7) (8) "Jurisdiction" means the District of Columbia or any state or territory of the United States.

(8) (9) "Legal services program" means a program existing primarily for the purpose of providing legal assistance to indigent persons in civil or criminal matters.

(9) (10) "Notify" or "give notice" means to mail or deliver a document to the last known address of the applicant or the applicant's lawyer. Notice is complete upon mailing, but extends the applicant's period to respond by three days.

(11) *"Principal occupation" means an applicant's primary professional work or business.*

\* \* \* \*

## RULE 3. STATE BOARD OF LAW EXAMINERS

\* \* \* \*

C. **Board Meetings and Quorum.**

(1) *Meetings.* Board meetings are open to the public except when the Board is considering the following:

(1) *(a)* Examination materials;

(2) *(b)* Any information concerning an applicant, potential applicant, or conditionally admitted lawyer;

(3) *(c)* Personnel matters;

(4) *(d)* Any information that is confidential or private under Rule 14;

(5) *(e)* Legal advice from its counsel.

(2) *Minutes.* ~~Board members may attend meetings in person or, in extraordinary circumstances, by conference call. A quorum of the Board shall be a majority of its sitting members.~~ Minutes of the public portions of Board meetings are available upon request from the Board office.

(3) *Meeting Attendance.* Board members may attend meetings in person or, in extraordinary circumstances, by conference call.

(4) *Quorum.* A quorum of the Board shall be a majority of its sitting members. ~~Minutes of the public portions of Board meetings are available upon request from the Board office.~~

## RULE 4. GENERAL REQUIREMENTS FOR ADMISSION

A. **Eligibility for Admission.** The applicant has the burden to prove eligibility for admission by providing satisfactory evidence of the following:

(1) Age of at least 18 years;

(2) Good character and fitness as defined by these Rules;

(3) *Either of the following:*

   (a) Graduation with a J.D. or LL.B. degree from a law school that is provisionally or fully approved by the American Bar Association; *or*

*(b) A bachelor's degree from an institution that is accredited by an agency recognized by the United States Department of Education; a J.D. degree from a law school located within any state or territory of the United States or the District of Columbia; and a license to practice law in any state or territory of the United States or the District of Columbia.*

(4) Passing score on ~~a~~ *the* written examination *under Rule 6* or qualification under Rules 7A, 7B, 8, 9, or 10. *An applicant eligible under Rule 4A(3)(b) but not under Rule 4A(3)(a) must provide satisfactory evidence of a passing score on the written examination.*

(5) A scaled score of 85 or higher on the Multistate Professional Responsibility Examination (MPRE); and

(6) Not currently suspended or disbarred from the practice of law in another jurisdiction.

\* \* \* \*

**C. Application for Admission.** To be accepted as complete, an application must be submitted on a form prescribed by the Board together with the following:

(1) A fee in an amount prescribed by Rule 12;

(2) A notarized authorization for release of information form;

(3) For applicants seeking admission by examination, a passport-style photo;

(4) Two notarized affidavits of good character from persons who have known the applicant for at least one year. ~~and who:~~ *To be acceptable, each affidavit shall:*

(a) *Be executed by a person who is* ~~Are~~ unrelated to the applicant by blood or marriage and not living in the same household; ~~and~~

(b) *Be executed by a person who was* ~~Were~~ not *a* fellow law ~~students~~ *dent* during the applicant's enrollment;

~~(5) The notarized affidavits of good character must address the following:~~

~~(a)~~ *(c) Describe* ~~T~~ *t* he duration of time and circumstances under which the affiant has known the applicant;

~~(b)~~ *(d) Describe* ~~Details respecting the~~ *what the affiant knows about the* applicant's character and general reputation; and

~~(c)~~ *(e) Provide* ~~O~~ *o* ther information bearing on the applicant's character and fitness to practice law.

\* \* \* \*

**E. Additional Filing When Admitted Elsewhere.** An applicant who has been admitted to practice in another jurisdiction shall also file or cause to be filed at the time of the application:

(1) ~~An authentic~~ copy of the application for admission to the bar from the bar admissions authority in each jurisdiction in which the applicant ~~was previously admitted~~ *has applied for admission* to the practice of law;

(2) ~~An authentic~~ document *from the proper authority in each other jurisdiction where admitted* showing the date of admission to the bar ~~in each other jurisdiction;~~

(3) ~~An authentic~~ document from the proper authority in each *other* jurisdiction *where admitted* stating that the applicant is in good standing; and

(4) ~~An authentic~~ document from the proper authority in each *other* jurisdiction *where admitted* indicating whether the applicant is the subject of any pending complaint or charge of misconduct.

\* \* \* \*

~~**G. Repeat Examinee.** An applicant who has been unsuccessful on a prior Minnesota Bar Examination may reapply by submitting:~~

~~(1) A new application for admission pursuant to Rule 4C;~~

~~(2) The proper fee under Rule 12;~~

~~(3) A notarized authorization for release of information on a form prescribed by the Board;~~

~~(4) A passport-style photo; and~~

~~(5) If the original application is more than two years old, new affidavits as described in Rule 4C(4) of these Rules.~~

~~**H. Incomplete Application.** An application determined to be incomplete shall be returned to the applicant.~~

~~**I. Withdrawal of Application.** An applicant may withdraw the application by notifying the Board in writing at any time prior to the issuance of an adverse determination.~~

**G.** *Additional Information Required. At the request of the Board, an applicant will be required to obtain and submit additional information.*

**H.** *Continuing Obligation to Update Application. An applicant has a continuing obligation to provide written updates to the application. This obligation continues until such time as the applicant is admitted, the application is withdrawn, or there is a final determination by the Board or Supreme Court. Applicants conditionally admitted under Rule 16 must continue to update their application for the term of the consent agreement.*

**~~J.~~I. Required Cooperation.**

(1) An applicant has the duty to cooperate with the Board and the director by timely complying with requests, including requests to:

 (a) Provide complete information, documents, and signed authorizations for release of information;

 (b) Obtain reports or other information necessary for the Board to properly evaluate the applicant's fitness to practice;

 (c) Appear for interviews to determine eligibility for admission or facilitate the background investigation.

(2) An applicant shall not discourage a person from providing information to the Board or retaliate against a person for providing information to the Board.

(3) If the Board determines that an applicant has breached the duty to cooperate, the Board may deem the application withdrawn, may deny the applicant an opportunity to test, or may deny admission.

**~~G.~~J. Repeat Examinee.** An applicant who has been unsuccessful on a prior Minnesota Bar Examination may reapply by submitting:

(1) A new application for admission pursuant to Rule 4C;

(2) The proper fee under Rule 12;

(3) A notarized authorization for release of information on a form prescribed by the Board;

(4) A passport-style photo; and

(5) If the original application is more than two years old, new affidavits as described in Rule 4C(4) of these Rules.

~~H.~~*K.* **Incomplete Application.** An application determined to be incomplete shall be returned to the applicant.

~~I.~~*L.* **Withdrawal of Application.** An applicant may withdraw the application by notifying the Board in writing at any time prior to the issuance of an adverse determination.

## RULE 5. STANDARDS FOR ADMISSION

A. **Essential Eligibility Requirements.** Applicants must ~~meet~~ *be able to demonstrate* the following essential eligibility requirements for the practice of law:

(1) The ability to be honest and candid with clients, lawyers, courts, the Board, and others;

(2) The ability to reason, recall complex factual information, and integrate that information with complex legal theories;

(3) The ability to communicate with clients, lawyers, courts, and others with a high degree of organization and clarity;

(4) The ability to use good judgment on behalf of clients and in conducting one's professional business;

(5) The ability to conduct oneself with respect for and in accordance with the law;

(6) The ability to avoid acts which exhibit disregard for the rights or welfare of others;

(7) The ability to comply with the requirements of the Rules of Professional Conduct, applicable state, local, and federal laws, regulations, statutes, and any applicable order of a court or tribunal;

(8) The ability to act diligently and reliably in fulfilling one's obligations to clients, lawyers, courts, and others;

(9) The ability to use honesty and good judgment in financial dealings on behalf of oneself, clients, and others; and

(10) The ability to comply with deadlines and time constraints.

B. **Character and Fitness Standards and Investigation.**

(1) **Purpose.** The purpose of the character and fitness investigation before admission to the bar is to protect the public and to safeguard the justice system.

(2) **Burden of Proof.** The applicant bears the burden of proving good character and fitness to practice law.

(3) **Relevant Conduct.** The revelation or discovery of any of the following shall be treated as cause for further inquiry before the Board determines whether the applicant possesses the character and fitness to practice law:

(a) Unlawful conduct;

(b) Academic misconduct;

(c) Misconduct in employment;

(d) Acts involving dishonesty, fraud, deceit, or misrepresentation;

(e) Acts which demonstrate disregard for the rights or welfare of others;

(f) Abuse of legal process, including the filing of vexatious or frivolous lawsuits;

(g) Neglect of financial responsibilities;

(h) Neglect of professional obligations;

(i) Violation of an order of a court, including child support orders;

(j) Conduct that evidences current mental or emotional instability that may impair the ability to practice law;

(k) Conduct that evidences current drug or alcohol dependence or abuse that

may impair the ability to practice law;

(*l*) Denial of admission to the bar in another jurisdiction on character and fitness grounds;

(m) Disciplinary action by a lawyer disciplinary agency or other professional disciplinary agency of any jurisdiction;

(n) The making of false statements, including omissions, on bar applications in this state or any other jurisdiction.

(4) **Considerations.** The Board shall determine whether the present character and fitness of an applicant qualifies the applicant for admission. In making this determination, the following factors shall be considered in assigning weight and significance to prior conduct:

(a) The applicant's age at the time of the conduct;

(b) The recency of the conduct;

(c) The reliability of the information concerning the conduct;

(d) The seriousness of the conduct;

(e) The factors underlying the conduct;

(f) The cumulative effect of the conduct or information;

(g) The evidence of rehabilitation as defined in Rule 5B(5);

(h) The applicant's candor in the admissions process; and

(i) The materiality of any omissions or misrepresentations.

(5) **Rehabilitation.** An applicant who affirmatively asserts rehabilitation from past conduct may provide evidence of rehabilitation by submitting one or more of the following:

(a) Evidence that the applicant has acknowledged the conduct was wrong and has accepted responsibility for the conduct;

(b) Evidence of strict compliance with the conditions of any disciplinary, judicial, administrative, or other order, where applicable;

(c) Evidence of lack of malice toward those whose duty compelled bringing disciplinary, judicial, administrative, or other proceedings against applicant;

(d) Evidence of cooperation with the Board's investigation;

(e) Evidence that the applicant intends to conform future conduct to standards of good character and fitness for legal practice;

(f) Evidence of restitution of funds or property, where applicable;

(g) Evidence of positive social contributions through employment, community service, or civic service;

(h) Evidence that the applicant is not currently engaged in misconduct;

(i) Evidence of a record of recent conduct that demonstrates that the applicant meets the essential eligibility requirements for the practice of law and justifies the trust of clients, adversaries, courts, and the public;

(j) Evidence that the applicant has changed in ways that will reduce the likelihood of recurrence of misconduct; or

(k) Other evidence that supports an assertion of rehabilitation.

(6) **Continuing Obligation.** The applicant has a continuing obligation to update the application with respect to all matters inquired of on the application. This obligation continues during the pendency of the application, including the period when the matter is on appeal to the Board or the Court *and during any period of conditional admission.*

(7) **Determination.** A character and fitness determination shall be made with respect to each applicant who is a successful examinee or who is qualified by practice for admission under these Rules. An adverse determination on character and fitness grounds may be appealed under Rule 15.

(8) **Advisory Opinions.**

(a) A law student may request a written advisory opinion from the Board with respect to his or her character and fitness for admission by filing a completed application for admission, a fee in the amount required under Rule 12L, two notarized affidavits as required by Rule 4C(4), and an authorization for release of information as required by Rule 4C(2).

(b) Advisory opinions will not be binding on the Board.

## RULE 6. ADMISSION BY EXAMINATION

\* \* \* \*

B. **Timely Filing Deadlines.** An application for admission by examination shall be filed in the office of the Board by October 15 for the February examination, or by March 15 for the July examination. *Due dates shall be strictly enforced as specified in Rule 2B.*

C. **Late Filing Deadlines.** Late applications will be accepted on or before December 1 for the February examination, or on or before May 1 for the July examination, but must be accompanied by the late filing fee pursuant to Rule 12. No applications shall be accepted after the late filing deadline. *Due dates shall be strictly enforced as specified in Rule 2B.*

D. **Denial of Opportunity to Test.** An applicant may be denied permission to take an examination:

(1) When the applicant has failed to comply with the requirements of Rule 4C, 4D, or 4 ~~J~~ *I;* or

(2) When the Board has determined the applicant has not satisfied the good character and fitness requirement of Rule 4A(2).

\* \* \* \*

G. *Computer Use. Any applicant requesting to use a laptop computer to write the essay and performance test portion of the bar examination shall submit a computer registration form with the application and pay the required fee.*

~~G.~~*H.* **Examination Results.** The results of the examination shall be released to examinees by regular mail to the address listed in the files of the Board, and successful examination numbers will be posted at the Court, on the Board's website, and at each Minnesota law school. The date of the release shall be announced at the examination.

~~H.~~*I.* **Failing Examination Scores.** A failing score on the bar examination is a final decision of the Board and does not afford the applicant the appeal and hearing rights set forth in Rule 15.

~~I.~~*J.* **Stale Examination Scores.** A passing score on the Minnesota Bar Examination is valid for 36 months from the date of the examination. Applicants must be admitted within 36 months of the examination.

## RULE 7. ADMISSION WITHOUT EXAMINATION

A. **Eligibility by Practice.**

(1) *Requirements.* An applicant may be eligible for admission without exami-

nation if the applicant otherwise qualifies for admission under Rule 4 ~~,~~ and provides documentary evidence showing that, for at least *60* ~~five~~ of the *84* ~~seven years~~ *months* immediately preceding the application, the applicant was:

~~(1)~~ *(a)* Licensed to practice law;

~~(2)~~ *(b)* In good standing before the highest court of all jurisdictions where admitted; and

~~(3)~~ *(c)* Engaged, as principal occupation, in the ~~active and~~ lawful practice of law as a:

~~(a)~~ i. Lawyer representing one or more clients;

~~(b)~~ ii. Lawyer in a law firm, professional corporation, or association;

~~(c)~~ iii. Judge in a court of ~~record~~ *law;*

~~(d)~~ iv. Lawyer for any local or state governmental entity;

~~(e)~~ v. House counsel for a corporation, agency, association, or trust department;

~~(f)~~ vi. Lawyer with the federal government or a federal governmental agency including service as a member of the Judge Advocate General's Department of one of the military branches of the United States; *and/or*

~~(g)~~ vii. *Full-time faculty member* ~~Professor teaching full-time~~ in any approved law school; *and/or*

viii. *Judicial law clerk whose primary responsibility is legal research and writing.*

*(2) Jurisdiction. The lawful practice of law described in Rule 7A(1)(c)(i) through (v) must have been performed in a jurisdiction in which the applicant is admitted, or performed in a jurisdiction that permits the practice of law by a lawyer not admitted in that jurisdiction. Practice described in Rule 7A(1)(c)(vi) through (viii) may have been performed outside the jurisdiction where the applicant is licensed.*

~~To constitute the lawful practice of law, the above activities must have been performed in a jurisdiction in which the applicant is admitted, or performed in a jurisdiction that permits such activity by a lawyer not admitted to practice. Practice falling under (f) or (g) above performed outside a jurisdiction where the applicant is licensed shall be considered the lawful practice of law.~~

\* \* \* \*

## RULE 9. ADMISSION BY TEMPORARY HOUSE COUNSEL LICENSE

\* \* \* \*

**B. Eligibility.** A lawyer licensed in another jurisdiction may apply for and be admitted under a temporary house counsel license when the lawyer:

(1) Is employed in Minnesota as house counsel solely for a single corporation (or its subsidiaries), association, business, or governmental entity whose lawful business consists of activities other than the practice of law or the provision of legal services; and

(2) Has practiced law by engaging in one or more of the activities listed in Rule 7A~~,~~ for at least ~~three~~ *36* of the previous ~~five years~~ *60 months;* and

(3) Complies with the eligibility provisions of Rule 4A, with the exception of Rule 4A(5).

The practice of law *during the qualifying period* must have been ~~in the~~

*performed in a* jurisdiction where the applicant is licensed ~~and during the period of licensure~~ *or performed in a jurisdiction that permits the practice of law by a lawyer not licensed in that jurisdiction,* unless the applicant, during the qualifying period, was practicing as house counsel for a corporation, agency, association, or trust department.

C.  **Requirements.** In order to qualify for the temporary house counsel license, the applicant shall comply with the requirements of these Rules and file the following with the Board:

(1) An application for license to practice law in Minnesota *as described in Rule 4C;*

(2) *The documents listed in Rules 4D and 4E;* ~~A certificate or certificates from the proper authority in each jurisdiction certifying that the applicant is in good standing and listing any complaint of professional misconduct pending against the applicant;~~

(3) An affidavit from an officer, director, or general counsel of applicant's employer or parent company employer *stating the date of employment and* attesting to the fact that applicant is employed as house counsel solely for said employer, that applicant is an individual of good character, and that the nature of the employment meets the requirements of Rule 9B(1); ~~and~~

(4) A fee consistent with Rule 12F; *and*

(5) *Other information, if requested by the Board.*

\* \* \* \*

E.  **Issuance of Temporary House Counsel License.** ~~In order to facilitate issuance of the temporary license,~~ ~~an~~ *An* expedited character and fitness investigation will be conducted, *and if the Board finds that the applicant's present character and fitness qualifies the applicant for admission, a temporary license will be issued.*

\* \* \* \*

G.  **House Counsel License *Without Time Limitation.*** An applicant for or holder of a temporary house counsel license who anticipates practicing in Minnesota for more than 12 months should also apply for a house counsel license under Rule 10 or another license under these Rules.

\* \* \* \*

## RULE 10. ADMISSION BY HOUSE COUNSEL LICENSE

\* \* \* \*

B.  **Eligibility ~~and Requirements.~~** A lawyer licensed in another jurisdiction or the holder of a temporary house counsel license issued pursuant to Rule 9B and 9C, who intends to practice in Minnesota for more than 12 months, may apply for a house counsel license ~~upon submission of evidence of~~ *when the lawyer:*

(1) *Is employed in Minnesota as house counsel solely for a single corporation (or its subsidiaries), association, business, or governmental entity whose lawful business consists of activities other than the practice of law or the provision of legal services;* ~~Compliance with eligibility and other requirements set forth in Rule 9;~~ and

(2) *Has practiced law by engaging in one or more of the activities listed in Rule 7A for at least 36 of the previous 60 months* ~~A scaled score of 85 or higher on the Multistate~~

~~Professional Responsibility Examination;~~ and

(3) *Complies with the eligibility provisions of Rule 4A.*

C.   **Requirements.** *In order to qualify for the house counsel license, the applicant shall comply with the requirements of these Rules and file the following with the Board:*

   (1) *An application for a license to practice law in Minnesota as described in Rule 4C;*

   (2) *The documents listed in Rules 4D and 4E;*

   (3) *An affidavit from an officer, director, or general counsel of applicant's employer or parent company stating the date of employment and attesting to the fact that applicant is employed as house counsel solely for that employer, that applicant is an individual of good character, and that the nature of the employment meets the requirements of Rule 10B(1);*

   (4) *A fee consistent with Rule 12F; and*

   (5) *Other information, as requested by the Board.*

~~C.~~**D.** **Limitation.** A license issued pursuant to this Rule authorizes the holder to practice solely for the employer designated in the Rule ~~9~~ *10* C(3) affidavit.

~~D.~~**E.** **Expiration of House Counsel License.** The house counsel license shall expire upon termination of the holder's employment with the employer referenced in Rule ~~9~~ *10* C(3). After a house counsel license expires, the former license holder, unless already admitted to practice law in Minnesota under another of these Rules, shall not practice law in Minnesota or otherwise represent that he or she is admitted to practice law in Minnesota.

~~E.~~**F.** **Notice of Termination of Employment.** A house counsel license holder shall notify both the Board and the Lawyer Registration Office in writing within 10 business days of termination of employment with the employer referenced in Rule ~~9~~ *10* C(3).

~~F.~~**G.** **Re-issuance of House Counsel License.** At the director's discretion, a house counsel license that has expired due to termination of holder's employment may be reissued ~~for the remainder of the period specified in Rule 9F~~ if re-issuance is requested within 90 days of the expiration of the license, provided that the other requirements of this Rule are met at the time of the request for re-issuance. The fee for re-issuance shall be consistent with Rule 12M.

~~G.~~**H.** **Credit for Admission Without Examination.** Time in the practice of law under the house counsel license may be counted toward eligibility for admission without examination under Rule 7A.

~~H.~~**I.** **Professional Conduct and Responsibility.** A lawyer licensed under this Rule shall abide by and be subject to all laws and rules governing lawyers admitted to the practice of law in this state.

\*   \*   \*   \*

## RULE 12.   FEES

A.   **General.** *Applicants shall pay application* ~~Application~~ fees or other fees required under these Rules ~~shall be paid~~ by personal check or money order *made* payable to the Board. *At the Board's discretion, fees may be accepted by credit card or electronic funds transfer.* The applicable fee is

determined as of the date of filing of a complete application under Rule 4.

\* \* \* \*

**E. Repeat Examinations.** An applicant who was unsuccessful on the Minnesota examination and is filing on or before December 1 for the February examination, or on or before May 1 for the July examination, shall submit a fee of $500 and comply with Rule 4 ~~G~~ J.

\* \* \* \*

**G. Fee for Temporary License for Legal Services Program Practice.** A fee in the amount of $75 must accompany an application for Temporary License pursuant to Rule 8. Payment of an additional fee, as required by Rule 12B, will qualify applicants under Rule 6. Payment of an additional fee, as required by Rule 12C, will qualify applicants under Rule 7A or 7B.

\* \* \* \*

**I. Refunds of Fees.** A *n applicant who submits a written request to withdraw a* ~~refund in the amount of $150 shall be made when an applicant for the~~ bar examination *application* ~~advises the Board in writing at least ten~~ *15 or more* days ~~prior to~~ *before* ~~an~~ *the* examination *for which the applicant applied shall receive a refund in the amount of:* ~~of the applicant's desire to withdraw the application. No other requests for refund will be granted.~~

(1) *$150, if the fee paid was in an amount specified by either Rule 12B or Rule 12E;*

(2) *$300, if the fee paid was in an amount specified by Rule 12C.*

No other requests for refund will be granted.

**J. Carry-over of Fees.**

(1) ~~Ineligible Rule 7 Applicants.~~ *Applicants Ineligible Under Rule 7 (Admission Without Examination).* The fee of an applicant declared ineligible under Rule 7 (Admission Without Examination) shall, *upon the applicant's written request,* be applied to

(a) ~~an~~ *An* examination held within the succeeding 15 months; *or*

(b) *An application made under Rules 8, 9, or 10.*

~~at the~~ *The* written request ~~of the applicant~~ *must be* received *by the Board* within 30 days of notice of the denial. No other ~~transfers~~ *carry-over* of fees, other than those provided for in the following paragraph, shall be granted.

(2) Medical Emergencies. An applicant who is unable to ~~sit~~ *take* ~~for~~ the examination due to a medical emergency and who notifies the Board in writing or by telephone prior to the start of the examination, may request carry-over of the application fee to the next examination. Such requests must be made in writing, received in the Board office no later than 14 days following the examination, and be accompanied by written documentation of the medical emergency. The applicant shall submit a fee of $50 when reapplying for the next examination.

\* \* \* \*

**M. Fee for Reissuance of ~~Temporary House Counsel or~~ House Counsel License.** An applicant for re-issuance of a house counsel license under Rule 10 ~~F~~ G shall submit a fee of $275.

**N. Other Fees.** The Board may require an applicant to bear the expense of obtaining reports or other information necessary for the Board's investigation. *The Board may re-*

*quire applicants to pay a reasonable application processing fee.* The Board may charge reasonable fees for collection and publication of any information permitted to be released. For matters not covered in these Rules, the director may set reasonable fees which reflect the administrative costs associated with the service.

\* \* \* \*

## RULE 15. ADVERSE DETERMINATIONS AND HEARINGS

\* \* \* \*

**E. Pre-hearing Conference.** The Board president or designee shall conduct a pre-hearing conference at least 30 days prior to the hearing for the purpose of addressing procedural issues. Unless the president or designee orders otherwise, Board counsel and the applicant shall exchange exhibit lists; the names and addresses of witnesses; proposed findings of fact, conclusions of law, *and* final decisions; or stipulations at least 15 days before the hearing.

**F. Subpoenas.** Upon written authorization of the Board president or designee, the applicant and Board counsel may subpoena evidence and witnesses for the hearing. The District Court of Ramsey County shall *have jurisdiction over issuance of* ~~issue~~ subpoenas.

**G. Continuances.** A written request for a continuance of a scheduled hearing shall be ~~heard~~ *considered and decided* by the Board president or designee, who shall grant such request only upon a showing of good cause.

**H. Final Decision.** Following the hearing, the Board shall notify the applicant *in writing* of its findings of fact, conclusions of law and final decision.

## RULE 16. CONDITIONAL ADMISSION

\* \* \* \*

**B. Circumstances Warranting Conditional Admission.** ~~An applicant whose record shows conduct that may otherwise warrant denial, may consent to be admitted subject to certain terms and conditions set forth in a conditional admission consent agreement. Only an applicant whose~~ *The Board may consider for conditional admission an applicant whose past conduct raises concerns under Rule 5, but whose current* record of conduct evidences a commitment to rehabilitation and an ability to meet the essential eligibility requirements of the practice of law ~~as set forth in Rule 5A may be considered for conditional admission.~~ *The Board shall prescribe the terms and conditions of conditional admission in a consent agreement entered into by the Board and the applicant.*

\* \* \* \*

**E. Length of Conditional Period.** The initial conditional admission period shall not exceed 24 months, unless a complaint for a violation of the consent agreement or a complaint of unprofessional conduct has been filed with the OLPR. The filing of ~~such a~~ *any* complaint *with the OLPR* shall extend the conditional admission until disposition of the complaint by the OLPR.

**F.** *Consequences of* **Failure to Fulfill the Conditional Terms.** Failure to fulfill the terms of the consent agreement may result in the suspension or revocation of the conditional admission license or such other action as is appropriate under the Rules on Lawyers Professional Responsibility.

\* \* \* \*

**H.** *Procedure After Finding of* Violation of Consent Agreement. If the CAC finds that a term or terms of the consent agreement have been violated, the CAC may request that the President ~~shall~~ convene the Board for the purpose of determining whether to file a complaint with OLPR *or take other action to address the violation.* The Board shall notify the conditionally admitted lawyer of the Board's decision if a complaint is filed.

\* \* \* \*

**J.** **Appeal.** ~~A Board decision not to recommend conditional admission shall be set forth in an adverse determination pursuant to Rule 15.~~ Appeal rights are limited to those set forth in Rule 15 and Rule 17.